By the Court.
 

 Counsel for appellant present two questions:
 

 1. Was the appellant a consumer or a vendor under the retail sales tax law of Ohio?
 

 2. Was there an exempt sale to a governmental instrumentality under Section 5546-2 (1), General Code?
 

 
 *517
 
 Section 5546-1, General Code, contains these definitions :
 

 “ ‘Person’ includes * ® * corporations * *
 
 *.
 

 “ ‘Sale’ and ‘selling’ include all transactions whereby title or possession, or both, of tangible personal property, is or is to be transferred, * * * for a -consideration in any manner, * * * .
 

 “ ‘Vendor’ means the person by whom the transfer ■effected * * * by a sale is or is to be made * * * .
 

 “ ‘Consumer’ means the person to whom the transfer effected * * * by a sale is or is to be made * *
 

 Section 5546-2 (1), General Code, in part provides that:
 

 “The tax hereby levied does not apply to the following sales:
 

 “1. When the consumer is the state of Ohio, or any of its political subdivisions.”
 

 Appellant contends it was entitled to furnish to its vendor a resale certificate and a certificate of exemption under the last-quoted section, inasmuch as appellant was a vendor under a construction contract, calling for the separation of labor from the material charges, and the city of Toledo was the ultimate consumer and purchaser. Counsel reason that “the sale was from a vendor to a contractor to a municipality” and “the contractor * * * merely acted as the intermediary for the city” which “was the ultimate consumer and purchaser, receiving full benefits from the use thereof.”
 

 The agreed stipulation of facts submitted to the Board of Tax Appeals recites that appellant used the dynamite in the performance of the work. However, no proof was presented to establish that the dynamite was incorporated into a structure or improvement and became part of the real property within the purview of present Section 5546-1, General Code, paragraph 2, last sentence thereof.
 

 
 *518
 
 Furthermore, the facts involved do not support the claimed sale of dynamite as tangible personal property by the appellant to the city of Toledo.
 

 We are of opinion that the appellant was a consumer, not a vendor, and that there was no sale by appellant to a political subdivision of Ohio.
 

 The decision of the Board of Tax Appeals is affirmed.
 

 Decision affirmed.
 

 Weygandt, C. J., Turnee, Williams, Matthias, Hart and Zimmerman, JJ., concur.
 

 Bell, J., not participating.